UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANDREW CIESLA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:14CV00165 ACL ) ) |
| TROOPER C.B. CHRISTIAN, et al., | ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

Plaintiff filed a Complaint against Defendants Trooper Christopher Christian, Officer D. McDaniel, Pemiscot County, Missouri, and City of Hayti, Missouri, alleging violations of his constitutional rights under 42 U.S.C. § 1983, and a Missouri state law claim for malicious prosecution. Plaintiff alleges that, on April 27, 2012, he was wrongfully stopped by Defendant Christian, a Missouri State Highway Patrol officer, for a traffic violation. (Doc. 1, ¶¶ 3-6) Plaintiff claims that he was detained and required to undergo a battery of field sobriety tests by Defendant Christian, was arrested, and was charged with one count of DWI and one count of operating a motor vehicle in a careless and imprudent manner. (Id. at ¶¶ 7-16.)

Presently pending before the Court is Defendant Christian's Motion to Dismiss. (Doc. 8.) The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).

## **LEGAL STANDARD**

A dismissal under Rule 12(b)(6) "serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary

1

pretrial and trial activity." Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotation marks omitted). When ruling on a motion to dismiss, the court must "accept[] as true all factual allegations in the complaint and draw[] all reasonable inferences in favor of the nonmoving party." Freitas v. Wells Fargo Home Mortg., Inc., 703 F.3d 436, 438 (8th Cir. 2013).

## **DISCUSSION**

In his Motion to Dismiss, Defendant Christian first argues that he is entitled to dismissal of Count III, the state malicious prosecution claim, as Plaintiff has failed to plead that his prosecution terminated in his favor. Defendant next argues that Counts I, II, IV, V, and VI fail as those claims are barred by the Eleventh Amendment. The undersigned will discuss these claims in turn.

**1.     Count III**

In Count III, Plaintiff asserts a malicious prosecution claim against Defendant Christian. Under Missouri law, "a plaintiff in a malicious prosecution action 'must plead and prove six elements: (1) the commencement of a prosecution against the plaintiff; (2) instigation by the defendant; (3) termination of the proceeding in favor of the plaintiff; (4) the want of probable cause for the prosecution; (5) [that] the defendant's conduct was actuated by malice[;] and (6)

that the plaintiff was damaged.'" Cassady v. Dillard Dep't Stores, 167 F.3d 1215, 1219 (8th Cir. 1999) (quoting Bramon v. U-Haul, Inc., 945 S.W.2d 676, 684 (Mo. Ct. App. 1997)) (alterations in original); accord White v. McKinley, 519 F.3d 806, 815 (8th Cir. 2008); Edwards v. Gerstein, 237 S.W.3d 580, 582 (Mo. 2007) (en banc). "'Because malicious prosecution suits countervail the public policy that the law should encourage citizens to aid in the uncovering of wrongdoing the courts require strict compliance with the requisite elements.'" Id. at 583 (quoting Sanders v. Daniel In'tl Corp., 682 S.W.2d 803, 806 (Mo. 1984) (en banc)). Also, "Missouri law does not favor suits in malicious prosecution." Zahorsky v. Griffin, Dysart, Taylor, Penner, and Lay. P.C., 690 S.W.2d 144, 151 (Mo. Ct. App. 1985) (citing Sanders, 682 S.W.2d at 806).

Defendant argues that Plaintiff has failed to plead the third element – termination of the action in Plaintiff's favor. "For purposes of malicious prosecution, an underlying action is deemed terminated when: (1) a final judgment is entered on the merits; (2) the action is dismissed by the court *with prejudice*; or (3) the action is abandoned." Doyle v. Crane, 200 S.W.3d 581, 586 (Mo. Ct. App. 2006) (per curiam) (emphasis in original). "[W]hen a case is dismissed *without* prejudice the dismissal constitutes a termination in favor of the defendant – for the purpose of a subsequent malicious prosecution suit by him – *only* when the party who initiated the case manifests an intent to abandon it." Id. at 589 (internal quotations omitted). Thus, a prosecutor's dismissal of a case without prejudice does not terminate the case in favor of a defendant "unless it [can] be shown from the record that the prosecutor, in dismissing without prejudice, manifested an intent to abandon the prosecutions." Id. A *nolle prosequi* "in and of itself" is not a termination in favor of the defendant. Id.

In his Complaint, Plaintiff alleges that he was "innocent of all charges and the case was dismissed by prosecutors." (Doc. 1, ¶ 17.) Plaintiff also states that the "proceedings were

3

terminated in his favor." (Id. at ¶ 33.) Defendant contends that Plaintiff has not pled that the prosecution was dismissed with prejudice and has therefore failed to properly allege that the underlying proceeding terminated in his favor.

Plaintiff has filed a Response to Defendant's Motion to Dismiss, in which he states that he has alleged that the charges were dismissed with indicia of innocence, which implies a finding on the merits. Plaintiff, citing Linnenbringer v. Casino One Corp, No. 4:10CV1774JCH, 2010 WL 4484009 at * 2 (E.D. Mo. Nov. 1, 2010), also contends that the underlying criminal action was abandoned by the prosecuting authorities because the statute of limitations has now passed for any criminal action regarding the incident.

In Linnenbringer, the plaintiff similarly did not indicate in his Complaint whether the dismissal of the charges against him was without prejudice. Linnenbringer opposed the defendant's motion to dismiss by arguing that the underlying criminal action upon which his malicious prosecution claim depended was abandoned by the prosecuting authorities because the statute of limitations had passed. The Court rejected Linnenbringer's claim, stating that he had failed to specify the nature of the charges brought against him, thereby making it impossible to discern whether the applicable statute of limitations had run. The Court, however, allowed Linnenbringer to file an Amended Complaint addressing this issue.

In this case, Plaintiff fails to allege in his Complaint that the prosecution terminated in his favor through any of the methods required for a malicious prosecution suit. Plaintiff's Complaint, therefore, fails to state a malicious prosecution claim against Defendant Christian.

Plaintiff requests in the alternative that he be granted leave to amend his Complaint to cure any deficiencies. Under Rule 15(a), a court "should freely give leave [to amend a pleading]

when justice so requires." Under this liberal standard, denial of leave to amend pleadings is appropriate only if "there are compelling reasons such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of the amendment." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008).

Here, a scheduling order has not yet issued and there are no allegations of bad faith. Thus, in the interests of justice, the Court will grant Plaintiff leave to file an Amended Complaint to correct the deficiencies set out in this Memorandum and Order.

**2.     Counts I, II, IV, V, and VI**

Defendant next argues that the claims Plaintiff alleges in Counts I, II, IV, V, and VI should be dismissed because they are barred by the Eleventh Amendment. Defendant contends that, because Plaintiff's Complaint is silent as to the capacity in which Defendant Christian is sued, Defendant Christian is assumed to be sued in his official capacity.

"[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). Defendant correctly argues that because of the Eleventh Amendment, Plaintiff cannot recover money damages against a state official acting in his official capacity. See Hafer v. Melo, 502 U.S. 21, 27 (1991) ("State officers sued for damages in their official capacity are not 'persons' for purposes of the suit [under §1983] because they assume the identity of the government that employs them."); Will v. Michigan Dept. of State Police, 491 U.S. 58, 71; 67-68 (1989) (a claim for damages against a state officer in his official capacity is

"no different from a suit against the State itself," and is precluded by the doctrine of sovereign immunity).

Here, Plaintiff does not specify the capacity in which he is suing Defendant Christian, and he seeks only monetary damages against Defendant Christian. Plaintiff claims in his Response to Defendant's Motion to Dismiss that the substance of his pleadings reveal that Defendant Christian is sued in his individual capacity because he refers to Defendant Christian as an "Individual Defendant." (Doc. 10, at 6.) Plaintiff's argument lacks merit. The Eighth Circuit requires that Plaintiff "expressly and unambiguously" state that he is suing Defendant Christian in his individual capacity. Plaintiff has failed to do so. Thus, Plaintiff's Complaint fails to state a claim against Defendant Christian. Plaintiff will be given the opportunity to correct this deficiency in his Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Christian's Motion to Dismiss (Doc. 8) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Request for Leave to File an Amended Complaint (Doc. 10) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff shall have 21 days to file an Amended Complaint correcting the deficiencies set out in this Memorandum and Order.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of February, 2015.