UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANDREW CIESLA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No.  1:14CV000165 ACL |
| | ) |
| TROOPER C.B. CHRISTIAN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Andrew Ciesla filed this action against Trooper C.B. Christian, Officer D.

McDaniel, Pemiscot County, Missouri, and City of Hayti, Missouri alleging he was arrested for

Driving While Intoxicated without probable cause, resulting in a violation of his constitutional

rights.  Plaintiff asserts claims under 42 U.S.C. § 1983 for violation of his due process rights,

false arrest, deliberate indifference to a serious medical need, and unreasonable seizure, as well

as a state law claim for malicious prosecution.  This case has been assigned to the undersigned

United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by

consent of the parties.  *See* 28 U.S.C. § 636(c).

On February 23, 2016, the Court dismissed the instant cause of action with prejudice as

to Defendants D. McDaniel, Pemiscot County, Missouri, and City of Hayti, Missouri.  (Doc. 63.)

Only Plaintiff's claims against Defendant Trooper C.B. Christian ("Defendant Christian")

remain.  Presently pending before the Court is Defendant Christian's Motion for Partial

Summary Judgment (Doc. 19) as to Counts II, III, V, and VI, and Motion for Summary

Judgment on Counts I and IV (Doc. 54).

## I.  Background

In Count I of his Amended Complaint, Plaintiff alleges that his substantive due process

rights were violated when Defendant Christian forced a needle into Plaintiff's body to retrieve a

blood sample for alcohol testing without his consent or a warrant.  In Count II, Plaintiff alleges

that Defendant Christian violated his procedural due process rights when he fabricated police

reports.  Count III asserts a state law malicious prosecution claim.  In Count IV, Plaintiff alleges

that Defendant Christian was deliberately indifferent to Plaintiff's serious medical need because

he "knew or should have known that a non-medical police staff's drawing of Plaintiff's blood in

a nonmedical unsanitary environment would result in Plaintiff having serious medical needs."

(Doc. 14, ¶ 37.)  In Count V, Plaintiff alleges a false arrest claim in violation of his Fourth

Amendment rights.  Finally, in Count VI, Plaintiff alleges that Defendant Christian unreasonably

seized Plaintiff and Plaintiff's blood in violation of his Fourth and Fifth Amendment rights.

Defendant Christian first filed a Motion for Partial Summary Judgment on Counts II, III,

V, and VI, arguing that he is entitled to judgment on these counts because Plaintiff was

convicted of the companion charge to the subject Driving While Intoxicated charge, that being

Careless and Imprudent Driving, and that conviction has not been overturned.  He further argues

that the underlying prosecution did not terminate in his favor.  Defendant Christian then filed a

Motion for Summary Judgment on the remaining counts, arguing that he is entitled to summary

judgment in his favor both on the merits and on the basis of qualified immunity.

## II.  Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for

summary judgment if all of the information before the court demonstrates that "there is no

genuine issue as to any material fact and the moving party is entitled to judgment as a matter of

law."  *Celotex Corp. v. Catrett*, 477 U.S.  317, 322 (1986).  The burden is on the moving party.

*City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A genuine issue of material fact is not the "mere existence of some alleged factual dispute between the parties." *State Auto. Ins. Co. v. Lawrence,* 358 F.3d 982, 985 (8th Cir. 2004). "Instead, the dispute must be outcome determinative under prevailing law." *Mosley v. City of Northwoods,* 415 F.3d 908, 910-11 (8th Cir. 2005) (internal quotations omitted). A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in his favor to allow a jury to return a verdict for him. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 324. "If 'opposing parties tell two different stories,' the court must review the record, determine which facts are material and genuinely disputed, and then view those facts in a light most favorable to the nonmoving party – as long as those facts are not 'so blatantly contradicted by the record . . . that no reasonable jury could believe' them." *Reed v. City of St. Charles, Mo*., 561 F.3d 788 (8th Cir. 2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. *Armour and Co., Inc. v. Inver Grove Heights,* 2 F.3d 276, 279 (8th Cir. 1993).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the nonmoving party and give that party the benefit of any inferences that logically can be drawn from those facts. *Matsushita,* 475 U.S. at 587; *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The Court may not "weigh the evidence in the

summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.,* 210 F.3d 845, 847 (8th Cir. 2000).  The court is required, however, to resolve all conflicts of evidence in favor of the nonmoving party.  *Robert Johnson Grain Co. v. Chemical Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

## III.    Facts[1]

On April 27, 2012, Plaintiff Andrew Ciesla ("Plaintiff") was operating a motor vehicle on Interstate 55 in Pemiscot County, Missouri.  At approximately 1:40 a.m., Defendant Christian was notified that Hayti Officer McDaniel requested assistance with a vehicle stop.  Defendant Christian responded to the request.  Defendant Christian arrived at the scene at 1:43 a.m.  Officer McDaniel advised Defendant Christian that he stopped the vehicle driven by Plaintiff after he saw the Plaintiff's vehicle driving off the right side of the roadway.  Defendant Christian identified the driver as Plaintiff.

Defendant Christian interviewed Plaintiff about alcohol and drug use, and conducted a series of field sobriety tests on Plaintiff.  Plaintiff denied drinking, but indicated that he had taken a prescription Norco pill and two Motrin pills earlier that day.  Defendant Christian arrested Plaintiff for operating a motor vehicle in a careless and imprudent manner, and for DWI-drug intoxication.  Defendant Christian advised Plaintiff of his rights, and requested Plaintiff's consent to have his blood drawn.  Plaintiff consented to having his blood drawn, and his blood was drawn.

---

[1]  The undisputed facts are taken from facts that (1) Plaintiff admitted were undisputed in his response or (2) Plaintiff alleged were disputed but failed to properly and/or directly controvert. The movant's statement of facts are deemed admitted if not specifically controverted by the party opposing the motion with specific references to portions of the record as required by Local Rule 4.01(E) and Federal Rule of Civil Procedure 56(c)(1).

The Certified Toxicology Report from the Missouri State Highway Patrol Crime Laboratory Division concerning the blood sample taken from the Defendant confirmed the presence of carboxy-THC, 13 ng/mL, THC metabolite in the Defendant's blood by gas chromatography/mass spectrometry, however, there was "insufficient blood for complete blood testing." (Doc. 66-3.)

Plaintiff pled guilty to operating a motor vehicle in a careless and imprudent manner. (Doc. 48-7.) The prosecutor agreed to dismiss the DWI-drug intoxication charge. (Doc. 48-8.)

## IV. Discussion

As previously noted, Defendant Christian has filed two separate motions for summary judgment. The undersigned will discuss the motions in turn.

### A. Motion for Summary Judgment as to Counts II, III, V, and VI

Defendant Christian argues that Counts II, V, and VI are barred because Plaintiff's criminal conviction has not been overturned. Defendant Christian contends that Count III fails as the underlying prosecution did not terminate in Plaintiff's favor.

#### 1. Counts II, V, and VI

In Counts II, V, and VI, Plaintiff alleges claims pursuant to 42 U.S.C. § 1983 for violations of his due process rights, false arrest, and unreasonable seizure. Plaintiff contends that these claims are barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87; *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995);

*Anderson v. Franklin County, Mo.,* 192 F.3d 1125, 1131 (8th Cir. 1999); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

      **a.**      **Count II**

In Count II, Plaintiff alleges that Defendant Christian fabricated police reports to indicate that Plaintiff had "been swerving while driving and that he smelled like alcohol and marijuana." (Doc. 14, ¶ 26.) Defendant Christian accurately points out that swerving while driving would provide probable cause to arrest and seize Plaintiff for operating a motor vehicle in a careless and imprudent manner. Said offense requires the operation of a motor vehicle in an unsafe manner. *See State v. Book*, 436 S.W.3d 671, 680 (Mo. Ct. App. 2014) ("the elements of the careless and imprudent charge include that: (1) defendant operated a motor vehicle on a highway, (2) in an unsafe manner, (3) thereby endangering the property of another, and (4) in so doing operated a vehicle in a careless and imprudent manner").

Plaintiff concedes that his procedural due process claim fails as a matter of law as to the operating a motor vehicle in a careless and imprudent manner charge. (Doc. 24 at 2.) Plaintiff, however, argues that Defendant Christian fabricated police reports indicating that Plaintiff smelled like alcohol and marijuana, thereby creating inculpatory evidence regarding the DWI charge. *Id.*

The evidence Plaintiff submitted on his own behalf refutes his claim. Defendant Christian indicated in his report that Plaintiff did not smell like alcohol or marijuana. (Doc. 24-4 at 5.) Specifically, Defendant Christian marked "None" in the section titled "Odor of Alcoholic Beverage," and marked "No" in the section titled "Odor of Marijuana/Chemical." *Id.* Defendant Christian similarly made no reference to an odor of alcohol or marijuana in the narrative section of his report. *Id.* at 6-7. Thus, Plaintiff has failed to offer evidence supporting his procedural

due process claim and summary judgment will be entered in favor of Defendant Christian on Count II.

**b.     Count V**

In Count V, Plaintiff alleges a false arrest claim in violation of his Fourth Amendment rights.  Defendant Christian argues that this claim is barred by *Heck* because Plaintiff's conviction for operating a motor vehicle in a careless and imprudent manner has not been overturned or otherwise called into question.  In his Response, Plaintiff "concedes that his claims for false arrest (V) fail[] as a matter of law."  (Doc. 24 at 2.)  The Court finds that Count V is barred by *Heck* and will enter summary judgment in Defendant Christian's favor.

**c.     Count VI**

In Count VI, Plaintiff alleges that Defendant Christian unreasonably seized Plaintiff and Plaintiff's blood in violation of his Fourth and Fifth Amendment rights.  Defendant Christian contends that this claim is also *Heck* barred.  In his Response, Plaintiff argues that a claim of unlawful seizure does not necessarily implicate the validity of a criminal prosecution following the arrest, citing *Collins v Bruns*, 195 Fed.Appx. 533 (8th Cir. 2006).

It is true that Fourth Amendment claims are not categorically barred by *Heck.  See Heck,* 512 U.S. at 487 n. 7 (because of doctrines like independent source, inevitable discovery, and harmless error, damages suit for unreasonable search may lie even if challenged search produced evidence that was introduced in state criminal trial resulting in § 1983 plaintiff's still-outstanding convictions); *Collins v. Bruns,* 195 Fed. Appx. 533, 535 (8th Cir. 2006) (citing footnote 7 and concluding § 1983 claim related to an allegedly defective search warrant was not *Heck*-barred ).

In this case, Plaintiff does not allege that a search warrant was defective as in *Collins*, but instead claims that he himself was unreasonably seized.  If Defendant Christian had probable

cause to arrest Plaintiff, then his seizure and arrest were not unreasonable. *United States v. Sturgis*, 238 F.3d 956, 959 (8th Cir. 2001) (finding seizure not illegal because agents had probable cause to arrest). Probable cause for Plaintiff's arrest is established by his guilty plea. *See Williams v. Schario*, 93 F.3d 527, 528-29 (8th Cir. 1996) ("a guilty plea forecloses a section 1983 claim for arrest without probable cause"). Thus, Plaintiff's unlawful seizure claim is barred by *Heck* as to Count VI and summary judgment will be entered in Defendant Christian's favor.

### 2.      Count III

In Count III, Plaintiff alleges a state law malicious prosecution claim. Defendant Christian argues that Count III fails as the underlying prosecution did not terminate in Plaintiff's favor. Plaintiff concedes that this claim fails as to his charge of operating a motor vehicle in a careless and imprudent manner, but maintains this claim as to his DWI charge.

Under Missouri law, "a plaintiff in a malicious prosecution action 'must plead and prove six elements: (1) the commencement of a prosecution against the plaintiff; (2) instigation by the defendant; (3) termination of the proceeding in favor of the plaintiff; (4) the want of probable cause for the prosecution; (5) [that] the defendant's conduct was actuated by malice[;] and (6) that the plaintiff was damaged.'" *Cassady v. Dillard Dep't Stores,* 167 F.3d 1215, 1219 (8th Cir. 1999) (quoting *Bramon v. U–Haul, Inc.,* 945 S.W.2d 676, 684 (Mo. Ct. App. 1997)) (alterations in original); *accord White v. McKinley,* 519 F.3d 806, 815 (8th Cir. 2008); *Edwards v. Gerstein,* 237 S.W.3d 580, 582 (Mo. 2007) (en banc). "'Because malicious prosecution suits countervail the public policy that the law should encourage citizens to aid in the uncovering of wrongdoing the courts require strict compliance with the requisite elements.'" *Edwards*, 237 S.W.3d at 583 (quoting *Sanders v. Daniel In'tl Corp.,* 682 S.W.2d 803, 806 (Mo. 1984) (en banc)). All six

elements must be proved for a submissible case. *Perry v. Dayton Hudson Corp.,* 789 S.W.2d 837, 840 (Mo. Ct. App. 1990).

Defendant Christian argues that Plaintiff cannot establish the third element-that the underlying proceeding terminated in his favor-because Plaintiff pleaded guilty to the underlying charge. Plaintiff responds that the DWI count was dismissed by prosecutors. Plaintiff argues that probable cause supporting a criminal charge for one crime does not foreclose a state law malicious prosecution claim as to one or more additional charges for which the defendant is later prosecuted, and cites *Holmes v. Village of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007).

Under Missouri law, an "underlying proceeding gives rise to, at most, only one claim for malicious prosecution." *Joseph H. Held & Assoc., Inc. v. Wolff*, 39 S.W.3d 59, 62-63 (Mo. Ct. App. 2001). "To allow a party to separate the unsuccessful claims from the successful claims in the underlying proceeding and bring a malicious prosecution action on the unsuccessful ones 'would invite a multitude of unwarranted litigation arising from situations where a proceeding is instituted on the basis of inconsistent theories or where theories are abandoned during the proceeding, and where the proceeding is terminated adversely to the plaintiff." *Id.* at 63 (quoting *Zahorsky v. Griffin, Dysart, Taylor, Penner and Lay, P.C.*, 690 S.W.2d 144, 150-51 (Mo. Ct. App. 1985). In this case, Plaintiff was charged with two counts arising from the same incident, and pled guilty to one of the charges. Plaintiff cannot separate those counts and pursue a malicious prosecution claim with regard to the count on which he claims he was successful.

Further, Plaintiff is unable to demonstrate the third element of a malicious prosecution claim. Termination pursuant to the third element occurs when "(1) a final judgment is entered on the merits; (2) the action is dismissed by the court *with prejudice;* or (3) the action is abandoned." *Doyle v. Crane,* 200 S.W.3d 581, 589 (Mo. Ct. App. 2006). In the instant case,

there was no final judgment on the merits on the DWI charge, and there is no evidence that the case was dismissed by the court with prejudice. A *nolle prosequi* "in and of itself" is not a termination in favor of the defendant. *Id.; accord Mitchell v. Village of Four Seasons,* No. 08-04069-CV-C-NKL, 2009 WL 1543761, *8 (W.D. Mo. June 3, 2009). In this case, Plaintiff has failed to demonstrate that the prosecutor's agreement to dismiss the DWI charge was a termination in his favor. Significantly, Plaintiff has "failed to produce any evidence establishing a reason for the dismissal that would reflect on his innocence." *Zike v. Advance America*, 2010 WL 1816747 at *8-9 (E.D.Mo. May 3, 2010). Thus, judgment will be entered in favor of Defendant Christian on Count III.

Furthermore, Plaintiff has failed to show that the defendant's conduct was actuated by malice.

Accordingly, Defendant Christian's Motion for Partial Summary Judgment as to Counts II, III, V, and VI will be granted.

**B.    Motion for Summary Judgment as to Counts I and IV**

Defendant Christian argues that he is entitled to summary judgment on Plaintiff's remaining counts—Counts I and IV—both on the merits and on the basis of qualified immunity.

"Qualified immunity shields public officials from liability in a § 1983 action unless the official's conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known." *Brown v. City of Golden Valley,* 574 F.3d 491, 495 (8th Cir. 2009). When the defense of qualified immunity has been asserted, the Court evaluates (1) whether defendants violated plaintiff's constitutional rights and (2) whether those rights were clearly established. *Chambers v. Pennycook*, 641 F.3d 898, 904 (8th Cir. 2011). If no constitutional violation occurred, the evaluation ends there. *See Crumley v. City of St. Paul*, 324

F.3d 1003, 1008 (8th Cir. 2003). "Without the requisite showing of a constitutional violation, summary judgment is proper because [plaintiff] has failed to establish the existence of an essential element of [his] case." *Id.* Thus, the Court need not reach the question of qualified immunity. *Id.*

### 1. Count I

In Count I, Plaintiff claims that his substantive due process rights were violated when Defendant Christian allegedly forced a needle into Plaintiff's body to retrieve a blood sample for alcohol testing without his consent or a warrant. Defendant Christian argues that there is no evidence of an egregious violation of Plaintiff's right to bodily integrity. Rather, Defendant Christian contends that Plaintiff consented to having his blood drawn, and Defendant Christian took Plaintiff to a hospital where a trained medical professional drew his blood. Plaintiff argues that he did not consent to a blood test and his blood was not withdrawn at a medical facility.

A substantive due process violation of the right to bodily integrity must be "'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Villanueva v. City of Scottsbluff*, 779 F.3d 507, 513 (8th Cir. 2015) (quoting *Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 796-97 (8th Cir. 1998)). The Supreme Court has held that "medically drawn blood tests are reasonable in appropriate circumstances." *Missouri v. McNeely*, 133 S.Ct. 1552, 1565 (2013) (citations omitted).

Plaintiff contends that he did not consent to having his blood drawn. The record, however, refutes his claim. (Doc. 55-2 at 9, Doc. 55-4 at 16.) Plaintiff testified at his deposition that, when Defendant Christian asked if he would consent to a blood draw, he "said okay. I wasn't going to fight them. I mean, he's the law enforcement guy, and I wasn't going to give anybody reasons to make things harder on me." (Doc. 55-4 at 16-17, Deposition of Andrew

11

Ciesla.)  Plaintiff stated that he "had to" say okay or give consent to having his blood drawn.  *Id.*

When a follow-up question was asked regarding what his response was when Defendant

Christian asked about drawing the Plaintiff's blood, Plaintiff stated that he responded: "Yes."  *Id.*

at 17.  Plaintiff offered his own "self-serving, conclusory statements" in the Amended Complaint

(Doc. 14 at 4-5) that he did not consent to the blood draw, but did not set forth sufficient facts to

support a finding that his consent was involuntary.  To the contrary, Plaintiff's own deposition

testimony reveals that he consented to have his blood drawn.

Plaintiff next contends that his blood was not drawn by a medical professional but, rather,

was drawn by Defendant Christian or another law enforcement officer at the police station.  As

support, Plaintiff notes that Pemiscot Memorial Hospital has no record of ever having treated

Plaintiff.  (Doc. 66-6.)  Plaintiff relies on *Skinner v. Railway Labor Executives' Assn.,* for the

proposition that a blood test is only reasonable if the blood "was taken by a physician in a

hospital environment according to accepted medical practices."  489 U.S. 602, 625 (1989), citing

*Schmerber v. California*, 384 U.S. 757, 771 (1966).

Defendant Christian's report states that Plaintiff was transported to Pemiscot Memorial

Hospital in Hayti, Missouri, where phlebotomist Dedric Arterbridge took a sample of Plaintiff's

blood.  (Doc. 55-2 at 9.)  A completed Missouri State Highway Patrol "Transmittal Slip-Blood

Specimen" form also reflects that Mr. Arterbridge drew Plaintiff's blood.  *Id*. at 11.  Mr.

Arterbridge testified at his deposition that he was employed by Pemiscot Memorial Health

Systems as a phlebotomist in April of 2012, and that he was on call the night of April 27, 2012.

(Doc. 55- 6 at 6, 11.)  Mr. Arterbridge stated that his signature is contained on the Transmittal

Slip, and that his signature certifies that he drew Plaintiff's blood on April 27, 2012.  *Id.* at 8.

When asked if Pemiscot County Memorial Hospital creates medical records of blood draws for

the Highway Patrol, Mr. Arterbridge responded "[t]here should be." *Id.* at 10. Mr. Arterbridge

further testified that it was, in fact, him, and not Defendant Christian or anyone else who drew

Plaintiff's blood. *Id.* at 9-10. In addition, Mr. Arterbridge signed the "Statement of Blood

Drawer" form, which provides that he withdrew blood from the Plaintiff,

> using good faith medical judgment, and in strict accord with [his] training and
> accepted medical practices that such procedure did not endanger the life or health
> of the person. The sample was labeled with the subject's identification and given
> to the requesting law enforcement officer. The blood was withdrawn into a clean
> and dry sterile vessel by means of a previously unused and sterile needle and was
> sealed with an air-tight, inert stopper.

(Doc. 55-2 at 7.) This evidence supports Defendant Christian's position that Plaintiff's blood

was drawn by a medical professional.

Plaintiff has not presented sufficient evidence to support his substantive due process

claim. Plaintiff's reliance on *Skinner* and *Schmerber* is misplaced. The Court in *Skinner*, when

analyzing a claim under the Fourth Amendment, stated:

> In [*Schmerber*], we held that a state could direct that a blood
> sample be withdrawn from a motorist suspected of driving while
> intoxicated, *despite his refusal to consent to the intrusion*. We
> noted that the test was performed in a reasonable manner, as the
> motorist's 'blood was taken by a physician in a hospital
> environment according to accepted medical practices.

489 U.S. at 625 (emphasis added). In this case, unlike in *Skinner* and *Schmerber*, Plaintiff

consented to the blood draw. As such, to the extent *Skinner* and *Schmerber* support Plaintiff's

argument that having blood drawn by a non-medical professional or in a non-medical setting

constitutes a constitutional violation, they are not applicable in this case.

The undisputed facts reveal that Defendant Christian responded to the scene, and was

advised by local law enforcement officers that Plaintiff had been driving off the right side of the

roadway. Defendant Christian interviewed Plaintiff about alcohol and drug use, and conducted a

series of field sobriety tests on Plaintiff. Following the field sobriety testing, Defendant

Christian arrested Plaintiff for operating a motor vehicle in a careless and imprudent manner, and

for DWI-drug intoxication. Defendant Christian advised Plaintiff of his rights, and requested

Plaintiff's consent to have his blood drawn. Plaintiff consented to having his blood drawn.

Although Plaintiff points out that Pemiscot County Memorial Hospital has no records of

Plaintiff's blood draw, the mere absence of records from Pemiscot County Memorial Hospital

corroborating the blood draw does not create a factual dispute sufficient to defeat Defendant

Christian's Motion for Summary Judgment. Defendant Christian has supported his Motion with

significant evidence, including police reports, signed Statement of Blood Drawer form,

Transmittal Slip for Blood Specimen, and deposition testimony of the phlebotomist, which show

that Plaintiff's blood was drawn by Mr. Arterbridge, a phlebotomist. The drawing of Plaintiff's

blood was appropriate under the circumstances and was performed with Plaintiff's consent.

Even assuming that Plaintiff has shown the presence of a genuine dispute regarding the

identity of the person who drew Plaintiff's blood or the location of the blood draw, the evidence

is not sufficient to establish a violation of Plaintiff's substantive due process rights in light of the

fact that Plaintiff consented to the blood draw. Plaintiff also testified that the individual drawing

his blood wore gloves and used appropriate medical equipment. (Doc. 55-4 at 18.) Plaintiff has

not alleged that he received any injuries resulting from the blood draw. On the record before the

Court, no reasonable jury could find an egregious violation of Plaintiff's right to bodily integrity

that shocks the contemporary conscience. Thus, the Court need not reach the question of

qualified immunity. The Court will grant Defendant Christian's Motion for Summary Judgment

as to Count I.

### 2. Count IV

In Count IV, Plaintiff alleges that Defendant Christian was deliberately indifferent to Plaintiff's serious medical need because he "knew or should have known that a non-medical police staff's drawing of Plaintiff's blood in a nonmedical unsanitary environment would result in Plaintiff having serious medical needs." (Doc. 14, ¶ 37.) Defendant Christian argues that Plaintiff's claim fails, as he has not shown he had a serious medical need or that Defendant Christian was aware of any substantial risk of harm to Plaintiff.

To show deliberate indifference under the Eighth Amendment, a plaintiff must prove an objectively serious medical need and that a defendant knew of the need but deliberately disregarded it. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010).

First, Plaintiff must show that he had an objectively serious medical need, which is one "diagnosed by a physician as requiring treatment" or one "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Scott v. Benson*, 742 F.3d 335, 340 (8th Cir. 2014) (quoting *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Plaintiff does not argue that he had such a serious medical need. Rather, he claims that a blood test for DWI must be performed by proper medical personnel in a hospital environment according to accepted medical practices and is, therefore, a serious medical need. Plaintiff's argument lacks merit. Undergoing a blood draw for the purpose of a DWI does not establish an objectively serious medical need under the Eighth Amendment. Similarly, Plaintiff has not shown that he suffered an objectively serious medical need as a result of the blood draw.

Even if Plaintiff could show the blood draw was an objectively serious medical need, he has failed to demonstrate that Defendant Christian was deliberately indifferent to this need. Plaintiff contends that Defendant Christian chose not to have his blood drawn properly, which is

15

evidence of Defendant Christian's deliberate indifference to his serious medical need. Specifically, Plaintiff argues that the lab toxicology report indicating there was insufficient blood to complete drug testing suggests the inference "that the officer who drew the blood did not know how to do it properly." (Doc. 65 at 5.) As previously discussed, Defendant Christian has produced significant evidence showing that a medical professional, and not Defendant Christian or any other officer, drew Plaintiff's blood. Although Plaintiff disputes this fact, he has not presented any evidence that the blood draw was conducted in an unsanitary or dangerous manner, or that it resulted in any injuries. Plaintiff has failed to establish an Eighth Amendment violation. Thus, the Court need not reach the question of qualified immunity. Defendant Christian's Motion for Summary Judgment will be granted as to Count IV.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Christian's Motion for Partial Summary Judgment (Doc. 19) as to Counts II, III, V, and VI is **granted**.

**IT IS FURTHER ORDERED** that Defendant Christian's Motion for Summary Judgment on Counts I and IV (Doc. 54) is **granted**. A separate Judgment in favor of Defendant Christian will accompany this Memorandum and Order.

_Abbie Crites-Leoni_
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of March, 2016.